## UNITED STATES *v.* CENTRAL NAT. BANK.

*(Circuit Court, S. D. New York.  July 24, 1885.)*

1. INTERNAL REVENUE TAX—NATIONAL BANK—TAX IMPOSED BY STATE LAW ON STOCKHOLDERS.

When the taxes imposed by a state law are imposed upon the stockholders of a national bank, and not upon the corporation, the failure of the bank to return or pay a tax upon such portion of its dividends declared within the year as was represented by the amount paid for such state tax, will not entitle it to exemption to that extent from the internal revenue tax imposed by the act of congress of July 13, 1866, (14 St. at Large, 138.)

SAME—DIVIDENDS—MISTAKE—DEFALCATION OF CASHIER.

When a bank has declared a dividend as of earnings for the current year, and paid it as such to stockholders, whether in money or in scrip, proof, for the purpose of avoiding the tax, that no earnings had, in fact, been made, because of a defalcation by the cashier that was afterwards discovered, is not admissible.

On Writ of Error.

*Elihu Root*, for plaintiff.

*Martin & Smith*, for defendant.

WALLACE, J.  This is a writ of error brought to review the judgment of the district court overruling the plaintiff's demurrer to the answer of the defendant. The plaintiff sues for internal revenue taxes imposed by section 120 of the act of congress of June 30, 1864, as amended July 13, 1866, (14 St. at Large, 138,) on dividends declared and paid by the defendant to its stockholders. That section provides:

"That there shall be levied and collected a tax of five per centum on all dividends in scrip or money, thereafter declared due,  *  *  *  to stockholders,  *  *  *  as a part of the earnings, income, or gains of any bank, trust company," etc.

The complaint contains four counts or separate causes of action, differing only in respect to dates and amounts, and setting out respectively the declaration of the dividends by the defendant to its stockholders in each of the years 1866, 1867, 1868, and 1870, whereof no return was made to the assessor, and whereon no tax was ever paid to the collector. The answer, as is permitted by section 500 of the Code of Civil Procedure of this state, consists of several defenses by way of new matter to each count of the complaint, except to the fourth count, as to which a single defense is alleged. The second de-

fense to each of the first three counts, as well as the single defense to the fourth count, avers that in the year mentioned in the count the defendant was required by the laws of the state of New York to retain from the dividends paid to its stockholders the amount of the municipal tax levied by the state against such stockholders upon the value of their shares of the capital stock of the defendant, and to pay the same over to the proper authorities of the state, and deduct the amount from the dividends paid to its stockholders. It then states the amount thus retained and paid, and alleges that the defendant did not include the same in its statement of dividends because the same was a legitimate expense of its business, and no part of its dividends. The third defense to each of the counts (except the fourth) alleges that in the year mentioned in the count the defendant paid dividends to its stockholders out of what it then supposed to be profits, but what was in reality its capital, because it had sustained losses through the embezzlement of its funds by its cashier in an amount specified, which losses were concealed by the cashier and hence unknown to its officers when the dividends were paid; and that the defendant erroneously returned the amount thus paid as dividends declared within the year, and paid the dividend tax thereon, and thereby the defendant actually paid to the plaintiff a large sum as a tax due from it upon dividends when nothing was due. The defense then avers that if defendant was not entitled to treat the amount paid for municipal taxes as a legitimate expense of its business, it is entitled to have deducted from the amount of the tax chargeable to it the amount of tax which it paid through ignorance of the embezzlement of its cashier.

Concisely stated, the substance of the second defense is that the defendant did not return or pay a tax upon such portion of its dividend declared within the year as is represented by the amount it paid for municipal taxes against its stockholders under state laws during the year; and the substance of the third defense is that, although the defendant declared and paid dividends during each year to its stockholders, it ought not to have done so, because no dividends were earned in fact, although its officers supposed otherwise. The second defense is not good, because the sum paid by the defendant for municipal taxes was in no sense taxes of the defendant, or a legitimate item of its expenses, during the year. The averments show that the taxes imposed by the state laws are imposed upon stockholders and not upon the corporation, and the provisions of the state law which require the corporation to retain the amount assessed as a tax against each stockholder merely provide a mode of collecting the stockholders' tax. The plaintiff is not concluded by the averments of the answer in respect to the force and effect of the state laws, or the duties imposed upon the defendant thereby. These are conclusions of law, and as such are not admitted by a demurrer. This court takes judicial notice of state statutes, and they need not be proved. Chapter

761, Laws 1866, which were in force during the years in question, authorizes the taxation of stockholders of banks upon the value of their shares of stock, and makes it the duty of every bank to retain so much of any dividend or dividends belonging to its stockholders as shall be necessary to pay any taxes assessed in pursuance of that act. In legal effect the retaining by the bank of the amount of the taxes assessed against the stockholders is the same as though the bank should pay the whole dividend to the stockholders, and the stockholders should then hand back to the bank the sum due from them for municipal taxes, and authorize the bank to pay it.

The third defense is not good, because section 120, by which the taxes sued for are imposed, does not permit an inquiry into the facts whether a dividend which has been declared was actually earned or not. The tax is laid upon the dividend as declared, and the declaration concludes the corporation in respect to the amount for which it is liable to be taxed. The amount declared by the corporation to be due to its stockholders as dividends, furnishes the obvious standard and the only safe criterion for the assessment of the tax in order to prevent fraudulent evasion. The same construction is to be placed upon this section which is to be given to section 122 of the same act, imposing a tax upon dividends declared by railroad, canal, and other companies to their stockholders as part of the earnings, profits, and income or gain of such companies. In respect to that section, it was said by the supreme court in *Bailey* v. *Railroad Co.* 106 U. S. 109, 115, S. C. 1 Sup. Ct. Rep. 62, MATTHEWS, J., delivering the opinion:

"We have no hesitation in saying that, in reference to a dividend declared as of earnings for the current year, and paid as such to stockholders, whether in money or in scrip, no proof would be admissible for the purpose of avoiding the tax that no earnings had, in fact, been made. The law conclusively assumes, in such a case, that a dividend declared and paid is a dividend earned."

For these reasons it must be held that the court below erred in overruling the demurrer to both classes of the defenses. The judgment is therefore reversed, with costs, and the case is remanded to the district court with instructions to enter judgment for the plaintiff sustaining the demurrer.